FILED
2014 JUL 23  AM 11: 28

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 rkendall@kbkfirm.com
Philip M. Kelly (212714)
 pkelly@kbkfirm.com
Randall L. Jackson (244545)
 rjackson@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Plaintiffs
Viacom International Inc. and Ish Entertainment, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CV14-5721 PSG PLAx

| | |
|---|---|
| VIACOM INTERNATIONAL INC.; and ISH ENTERTAINMENT, LLC, <br><br>Plaintiffs,<br><br>v.<br><br>AXIS INSURANCE COMPANY,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF**<br>2. **BREACH OF CONTRACT**<br>3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

183441

COMPLAINT

Plaintiffs Viacom International Inc. and Ish Entertainment, LLC (collectively, "Plaintiffs"), for their complaint against AXIS Insurance Company ("AXIS"), allege as follows:

## JURISDICTION AND VENUE

1. This is an insurance coverage dispute in which AXIS has committed a bad faith breach of contract by failing to pay up to $2 million in covered losses suffered by its insureds, the Plaintiffs, under the applicable insurance policy.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiffs and AXIS. Additionally, the amount in controversy exceeds $75,000.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Viacom International Inc. ("Viacom International") is a Delaware corporation, with its principal place of business in New York, New York.

5. Plaintiff Ish Entertainment, LLC ("Ish Entertainment") is a California company, with its principal place of business in New York, New York. Its sole member is Michael Hirschorn, who is a resident of New York. However, at the time Ish Entertainment entered into the Insurance Policy (as defined below) with Axis in 2008, Ish Entertainment's principal place of business was in Los Angeles, California.

6. Defendant AXIS Insurance Company ("AXIS") is an Illinois corporation, with its principal place of business in Illinois.

## BACKGROUND

7. Effective July 15, 2008 and through July 15, 2011, AXIS issued a Film & Entertainment Liability Policy, with a policy number of MCN 637485 (the "Insurance Policy"), in connection with the production, distribution, and broadcast of a television program entitled *T.I.'s Road to Redemption* (the "Program"). The

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

1
COMPLAINT

Insurance Policy had a total policy limit of $5 million, as well as a limitation of $3 million for "Each Loss." Plaintiffs are insureds under the Insurance Policy.

8. Pursuant to Section I.A. of the Insurance Policy, AXIS agreed to provide the following coverage in connection with the Program:

> The Company will pay on behalf of the **Insured** all **Damages** and **Claim Expenses** in excess of the Self-Insured Retention and within the applicable Policy Limit as a result of one or more **Claims** arising from an actual or alleged **Occurrence** in connection with **Scheduled Production(s)** when the first written **Claim** is made against any **insured** during the **Policy Period** or Extended Reporting Period....

9. On February 9, 2011, a lawsuit was filed in the State of Georgia, Fulton County, against Plaintiffs and other entities with respect to the Program (the "Underlying Litigation"). The plaintiffs in the Underlying Litigation (the "Decedent's Family") alleged, among other things, that in November 2008, during the production of the Program, one of their relatives, who was deceased, had been viewed and filmed in a funeral home after his death without the consent of Decedent's Family, that negligent misrepresentations about the circumstances of decedent's death were made during the viewing and filming, that such viewing and filming constituted an invasion of privacy and an interference with the family's contract with the funeral home, and that the negligent misrepresentations about the decedent (and the decedent's likeness) were thereafter, beginning in February 2009, unlawfully distributed and broadcast as part of the Program's exhibition.

10. Plaintiffs timely notified AXIS of the Underlying Litigation, and AXIS acknowledged that the Underlying Litigation was covered under the Insurance Policy.

11. However, as the Underlying Litigation proceeded, a dispute arose between the Plaintiffs and AXIS regarding the amount of coverage that was available. Plaintiffs demanded that AXIS cover the Damages and Claim Expense that might be incurred as a result of the Underlying Litigation up to the aggregate

183441

policy limit of $5 million. AXIS took the position that even though the Insurance Policy had a $5 million policy limit, it was not required under any circumstances to cover that amount because AXIS contended that the Underlying Litigation was purportedly subject to the Insurance Policy's "Each Loss" limitation of $3 million.

12. AXIS's interpretation of the Insurance Policy is wrong. "Each Loss" is defined in the Insurance Policy as "all **Damages** and **Claim Expense** arising out of an **Occurrence**." An "Occurrence," in turn, is defined as "actual or alleged…acts committed in the process of researching, investigating gathering, obtaining, acquiring, developing, preparing, compiling or producing **Matter** [defined as "communicative or informational content"]; or the licensing, syndication, serialization, sale, distribution, lease, release, exhibition, broadcast or other dissemination of **Matter**."

13. These definitions make clear that the $3 million "Each Loss" limitation in the Insurance Policy was only intended to apply to a single "Occurrence" (or act) causing a particular loss. In the Underlying Litigation, the Decedent's Family alleged numerous separate acts, and thus numerous "Occurrences," that caused distinct losses. These included, among others, the alleged interference with the Decedent's Family's agreement with the funeral home, the viewing and filming of the decedent without the family's consent in November 2008, and the February 2009 distribution and broadcast of the Program featuring the allegedly negligent misrepresentations about the decedent and decedent's image and likeness. As there was more than one Occurrence, there was more than one "Loss," and thus the applicable policy limit was the aggregate total of $5 million.

14. Starting in early 2014, Plaintiffs repeatedly requested that AXIS make available the full $5 million policy limit to cover defense costs and to pursue settlement. AXIS repeatedly refused to provide the required coverage, instead relying on bad faith interpretations of the Insurance Policy in order to deprive the

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

3

COMPLAINT

Plaintiffs of up to $2 million in insurance coverage for which they had contracted and paid.

15. In May 2014, AXIS advised Plaintiffs that it was tendering the remainder of what AXIS wrongly characterized as the $3 million policy for Plaintiffs to use toward defense costs and/or settlement of the Underlying Litigation. Plaintiffs responded that AXIS was required to tender the entire $5 million of coverage, but AXIS refused to do so.

16. A mediation was held on June 29, 2014. At the mediation, Plaintiffs had an opportunity to settle the Underlying Litigation for an amount that, even after deducting from the $5 million policy limit the extensive defense costs incurred during more than three years of litigation, was within the $5 million policy limit of the Insurance Policy. Plaintiffs again demanded that AXIS satisfy its obligation to pay for the full amount of the settlement. Although AXIS did not object to the amount of the settlement, AXIS refused to contribute more than the $3 million it had already tendered to cover all the costs of defense and settlement. This meant that when Plaintiffs and the Decedent's Family settled the case, Plaintiffs would be forced to pay from their own pockets the costs of defense and settlement of the Underlying Litigation to the extent they exceeded the $3 million amount that AXIS agreed to pay.

17. Since the settlement was entered, AXIS has continued to refuse to acknowledge its obligation to reimburse Plaintiffs for the full amount of monies due to them under the Insurance Policy. Accordingly, AXIS has not only breached the Insurance Policy, but also its duty to act in good faith with its insureds.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

18. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

4

COMPLAINT

19. As detailed above, an actual controversy of sufficient immediacy has arisen and exists between Plaintiffs and AXIS, as the parties dispute whether the Underlying Litigation consisted of only one "**Occurrence**" or multiple "**Occurrences**," and, accordingly, whether Plaintiffs are entitled to receive up to $3 million or up to $5 million under the Insurance Policy.

20. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiffs and AXIS may ascertain their respective rights and obligations with respect to the Insurance Policy.

21. Plaintiffs are therefore entitled to a determination and declaration that the Underlying Litigation involved more than one "Occurrence" (as defined in the Insurance Policy) and that they are entitled to receive up to the full policy limit of $5 million pursuant to the Insurance Policy.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

22. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

23. At all times relevant to this action, The Insurance Policy was a valid and binding agreement.

24. Except as excused or prevented, Plaintiffs have performed all material conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Insurance Policy.

25. AXIS has breached its contractual obligations under the Insurance Policy by, *inter alia*, failing to agree to pay Plaintiffs up to the full $5 million policy limit that is available under the Insurance Policy.

26. As a direct and proximate cause of AXIS's breaches of contract as alleged herein, Plaintiffs have been damaged in an amount to be established according to proof at trial.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

5
COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Breach of The Implied Covenant of Good Faith and Fair Dealing)

27. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

28. AXIS has breached its duty of good faith and fair dealing owed to Plaintiffs in the following respects:

   a. Unreasonably denying Plaintiffs the benefits they were promised under the Insurance Policy;

   b. Unreasonably failing and refusing to give at least as much consideration to Plaintiffs' interests and welfare as AXIS gave to its own interests;

   c. Unreasonably failing to diligently search for and consider evidence that supported coverage up to the $5 million policy limit under the Insurance Policy; and

   d. Unreasonably compelling Plaintiffs to institute this litigation to obtain the benefits due under the Insurance Policy.

29. As a proximate result of the aforementioned unreasonable conduct of AXIS, Plaintiffs suffered damages under the Insurance Policy, plus interest, and other economic and consequential damages to be shown at the time of trial.

30. As a direct and proximate result of the conduct of AXIS, it became reasonably necessary for Plaintiff to engage the services of legal counsel and thereby incur, and continue to incur, costs and attorneys' fees in an amount to be established according to proof. Plaintiffs claim these attorneys' fees as a distinct item of recoverable damage.

31. AXIS's conduct described herein was intended by AXIS to cause injury to Plaintiffs or was despicable conduct carried on by AXIS with a willful and conscious disregard of the rights of Plaintiffs, or subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiff's rights, or was an intentional

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

6
COMPLAINT

misrepresentation, deceit, or concealment of a material fact known to AXIS with the intention to deprive Plaintiffs of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294. Therefore, Plaintiffs are entitled to an award of punitive damages sufficient to deter those who would commit or knowingly seek to profit from such actions, now and in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. That judgment be entered in favor of Plaintiffs and against AXIS;

B. For a judicial determination and declaration that the Underlying Litigation involved more than one "Occurrence" and that AXIS is obligated to pay up to $5 million under the Insurance Policy to Plaintiffs;

C. That Plaintiffs be awarded their actual damages;

D. That Plaintiffs be awarded punitive damages;

E. That Plaintiffs be awarded their attorneys' fees and costs in this action, as well as interest to the extent permitted by law; and

F. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated: July 23, 2014                KENDALL BRILL & KLIEGER LLP


                                    By: /s/ Richard B. Kendall
                                    Richard B. Kendall
                                    Attorneys for Plaintiffs
                                    Viacom International Inc. and Ish Entertainment, LLC

183441

7

COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiffs Viacom International Inc. and Ish Entertainment, LLC hereby demand a trial by jury of all issues so triable.

Dated: July 23, 2014                           KENDALL BRILL & KLIEGER LLP


By: *[signature]*
Richard B. Kendall
Attorneys for Plaintiff
Viacom International Inc. and Ish Entertainment, LLC

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

183441

8
COMPLAINT

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| VIACOM INTERNATIONAL INC.; and ISH ENTERTAINMENT, LLC <br><br> *Plaintiff(s)* <br> v. <br> AXIS INSURANCE COMPANY <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CV14-5721 PSG PLAx <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  AXIS Insurance Company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Richard B. Kendall, Kendall Brill & Klieger LLP, 10100 Santa Monica, Blvd, Suite 1725, Los Angeles, CA 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  _____07/23/2014_____                      _____
                                                                                         *Signature of Clerk or Deputy Clerk*

1149

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Viacom International Inc; Ish Entertainment, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

AXIS Insurance Company

**(b) County of Residence of First Listed Plaintiff** New York, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** Cook County, IL
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Richard B. Kendall; Philip M. Kelly; Randall L. Jackson
Kendall Brill & Klieger LLP, 10100 Santa Monica Blvd., #1725, Los Angeles, CA 90067
Tel: 310-556-2700

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ More than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory relief; breach of contract; breach of the implied covenant of good faith and fair dealing; 28 U.S.C. Sec. 1332(a).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV14-5721

CV-71 (06/14)     CIVIL COVER SHEET     Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | [ ] |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _/s/ Arnie Ok_    **DATE:** July 23, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |