UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5721 PSG (PLAx) | Date | August 21, 2014 |
|---|---|---|---|
| Title | Viacom Int'l Inc., et al. v. AXIS Ins. Co. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order to Show Cause Re: Improper Venue**

Plaintiffs Viacom International Inc. ("Viacom") and Ish Entertainment, LLC ("Ish Entertainment") (collectively, "Plaintiffs") brought this action against Defendant AXIS Insurance Company ("Defendant"), asserting the following claims: (1) declaratory relief; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

In 2008, Defendant issued a Film and Entertainment Liability Policy in connection with the production, distribution, and broadcast of a television program entitled *T.I.'s Road to Redemption* ("The Program"). *See Compl.* ¶ 7. Plaintiffs were insureds under that policy. *See id.* In 2011, the Plaintiffs were sued in Georgia with respect to the Program. *See id.* ¶ 9. Plaintiffs notified Defendant of the litigation and Defendant acknowledged that it was covered under the policy. *See id.* ¶ 10. As the Georgia litigation proceeded, a dispute arose between Plaintiffs and Defendant regarding the amount of coverage that was available under the policy. *See id.* ¶ 11. Now that the Georgia litigation has settled, *see id.* ¶ 17, Plaintiffs are seeking damages from Defendant.

Based on the allegations set forth in the Complaint, it is unclear whether the Central District of California is the proper venue for this dispute. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5721 PSG (PLAx) | Date | August 21, 2014 |
|---|---|---|---|
| Title | Viacom Int'l Inc., et al. v. AXIS Ins. Co. | | |

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

28 U.S.C. § 1391(b).  In a breach of contract action, the Ninth Circuit has held that venue should be determined by considering where the contract was intended to be performed rather than where it was repudiated.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("We favor this rule because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events."). Based on the allegations set forth in the complaint, it is unclear where the contract was intended to be performed: in Illinois, at Defendant's principal place of business; in New York, at Viacom's principal place of business and Ish Entertainment's now-principal place of business; or in California, at Ish Entertainment's principal place of business as of 2008.  *See Compl.* ¶¶ 4-6.  As a result, it appears that venue may not be proper in this District, and that it may be appropriate for this Court to dismiss this case or transfer it to a district where it could have been brought, pursuant to 28 U.S.C. § 1406(a).

Additionally, it appears to the Court that even if venue is proper here, this case may be more conveniently litigated in Illinois or New York.  None of the parties are located in California, and there is no indication in the Complaint that any witnesses or evidence are in California.  Thus, the Court is inclined to transfer this case pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois, where venue would be proper under 28 U.S.C. § 1391(a).  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

Plaintiffs are ordered to show cause in writing no later than **September 11, 2014** why this case should not be transferred to the Northern District of Illinois.  If Plaintiffs fail to respond to this Order by September 11, 2014, the Court will **transfer** this case to the Northern District of Illinois.

**IT IS SO ORDERED.**