NOTE: CHANGES MADE BY THE COURT

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Philip M. Kelly (212714)
 *pkelly@kbkfirm.com*
Randall L. Jackson (244545)
 *rjackson@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Attorneys for Plaintiffs
Viacom International Inc., and Ish Entertainment, LLC

John P. Makin (SBN 88853)
Nelson Hsieh (SBN 177128)
Cherie L. Harpell (SBN 114919)
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, California 94583
jmakin@gpsllp.com; nhsieh@gpsllp.com; charpell@gpsllp.com
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

Attorneys for Defendant
AXIS INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL INC,; ISH ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AXIS INSURANCE COMPANY, <br><br> Defendant. | Case No. CV14-5721 PSG (PLAx) <br><br> Assigned to the Hon. Paul L. Abrams (for discovery matters) <br><br> DISCOVERY MATTER: <br><br> **PROTECTIVE ORDER** |

218301

[PROPOSED] PROTECTIVE ORDER

Plaintiffs Viacom International Inc. and Ish Entertainment, LLC and Defendant AXIS Insurance Company have consented to the entry of a protective order in this litigation, as evidenced by the signatures of their counsel on the Stipulation To Enter Protective Order that was filed with the Court on February 10, 2015.

For good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** that this Protective Order ("Order") will govern the production and exchange of confidential information in the above-captioned case on the terms as set forth therein.

## TERMS OF THE STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

In order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

218301

1

[PROPOSED] PROTECTIVE ORDER

ends of justice, a protective order for such information is justified in this matter. Accordingly, the parties have stipulated and petitioned the Court to enter the Order.

The parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS**

2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that a party believes, in good faith, includes personal information or confidential, commercial, proprietary business information or non-public financial data.  It shall also include information or tangible things that were designated as "Confidential" pursuant to the protective order entered in the *Williams* Action (see *infra* Section 10).

2.3.    "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that were designated as "Confidential Attorneys' Eyes Only" pursuant to the protective order entered in the *Williams* Action (*see infra* Section 10).

2.4.    Counsel:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their employees and support staff).

2.5.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

2.6. Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Expert:  a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8. Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. Party:  any party to this action, including all of its officers, directors, and employees.

2.10. Privileged Material:  all items or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

2.11. Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12. Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

2.14. Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by the Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by the Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by the Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to include: (1) dismissal of all claims and defenses in this action, with or without prejudice; and/or (2) a final judgment, after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.    Manner and Timing of Designations. Except as otherwise provided in the Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under the Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with the Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" to each page that contains protected material.

(b) for testimony given in a deposition that the Designating Party identify on the record, before the close of the deposition, all protected testimony (alternatively, a deposition transcript may be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in writing by a Party or Non-Party to all other Parties within thirty (30) days after receipt of the final transcript of such deposition). Within thirty (30) days of receipt of the final transcript of a deposition with testimony designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, the Designating Party will confirm that all of the testimony designated as such should be so designated, or will withdraw any designations they determine are unnecessary.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2.  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under the Order for such material. (Absent good cause, "timely corrected" shall be defined as being within ten (10) days of discovering the inadvertent failure to designate.) Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.  Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3.   Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and any and all proceedings related thereto, including on appeal.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to receive such information under the Order.

Notwithstanding any other provision of the Order, nothing herein shall restrict, limit, or prohibit a Designating Party from using its own documents or materials, including documents or materials that the Designating Party has produced as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Parties, including their officers, directors, employees (including in-house counsel), members, parents, and affiliates to whom disclosure is reasonably necessary for this litigation;

(b) Counsel for the Parties, as well as their employees and support staff;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A. However, the staff of such Experts are not required to execute the aforementioned Acknowledgement. The Receiving Party shall maintain a copy of the executed "Acknowledgement and Agreement to Be Bound.";

(d) the court and its personnel;

(e) court reporters and their staff

(f) videographers, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound";

(g) during or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j) any insurer from which a defense or indemnity has been requested in connection with the *Williams* Action.

7.3. Disclosure of "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" only to the persons identified in Section 7.2(b) through 7.2(j).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" that Party must:

(a) notify the Designating Party in writing within three (3) business days of receipt. Such notification shall include a copy of the subpoena or court order;

(b) notify in writing the party who caused the subpoena or order to issue in the other litigation, within three (3) business days of receipt, that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of the Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to Protected Material produced by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by the Order.

1  Nothing in these provisions should be construed as prohibiting a Non-Party from
2  seeking additional protections.

3  **10.    DOCUMENTS PRODUCED IN THE WILLIAMS ACTION**

4  The Parties anticipate that documents produced in the action entitled *Joseph
5  Williams, Sr., et al. v. Haugabrooks Funeral Home, Inc., et al.*, Civil Action File
6  No. 11EV011942E, which was filed in the State of Georgia, Fulton County (the
7  "*Williams* Action"), and in which Viacom International Inc. and Ish Entertainment,
8  LLC were defendants, will be the subject of one or more discovery requests in this
9  action.  The Parties expressly agree that any information or items that were
10 designated in the *Williams* Action as "Confidential" pursuant to the protective order
11 entered therein shall, to the extent produced in this litigation, be automatically
12 deemed to be designated as "CONFIDENTIAL" under the Order.  Likewise, the
13 Parties expressly agree that any information or items that were designated in the
14 *Williams* Action as "Confidential Attorneys' Eyes Only" pursuant to the protective
15 order entered therein shall, to the extent produced in this litigation, be automatically
16 deemed to be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY"
17 under the Order.

18 **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
20 Protected Material to any person or in any circumstance not authorized under the
21 Order, the Receiving Party must immediately (a) notify in writing the Designating
22 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all
23 unauthorized copies of the Protected Material, (c) inform the person or persons to
24 whom unauthorized disclosures were made of all the terms of the Order, and (d)
25 request such person or persons to execute the "Acknowledgment and Agreement to
26 Be Bound" that is attached hereto as Exhibit A.

27
28

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

218301

9

[PROPOSED] PROTECTIVE ORDER

## 12. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

The inadvertent production of Privileged Material is not intended to be, and shall not operate as, a waiver of any such privilege, in whole or in part. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any claim that a party has made an inadvertent production of Privileged Material shall be addressed in accordance with the procedure set forth in the Federal Rules of Civil Procedure and the Local Rules.

## 13. MISCELLANEOUS

13.1. Right to Further Relief. Nothing in the Order abridges the right of any person to seek its modification by the court in the future.

13.2. Right to Assert Other Objections. By stipulating to the entry of the Order no Party waives any right it otherwise would have to object to the disclosure or production of any information or item on any ground not addressed in the Order. Similarly, by stipulating to the entry of the Order, no Party waives any right to object to the admissibility into evidence of any "CONFIDENTIAL" or CONFIDENTIAL ATTORNEYS' EYES ONLY" information.

13.3. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party that wishes to submit to the Court any Protected Material must seek to file such Protected Material under seal pursuant to any applicable statutes or rules, including Civil Local Rule 79-5; **good cause must be shown in the request to file under seal**. The Parties shall meet and confer regarding the appropriate procedures for the use of Protected Material during trial. If the Parties are unable to reach agreement regarding appropriate procedures, they will schedule a conference with the Court to address the issue.

## 14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

DATED: February 12, 2015         By: _____
                                     Hon. Paul L. Abrams
                                     United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on January __, 2015 in the case of *Viacom International Inc., et al. v. AXIS Insurance Company*, Case No. CV14-5721 PSG (PLAx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

By: _____

Name: _____

Title (if any): _____

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

218301

12

[PROPOSED] PROTECTIVE ORDER